IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |
|---|---|
| CYNTHIA ANN PROPPS,<br><br>          Plaintiff,<br><br>v.<br><br>BILLY EUGENE KIRKPATRICK,<br><br>          Defendant. | Civil Case No. 21-01744-SAG |

## MEMORANDUM OPINION

Plaintiff Cynthia Ann Propps ("Plaintiff") filed a Complaint in this Court against Defendant Billy Eugene Kirkpatrick ("Defendant") seeking compensation for serious injuries she sustained in an automobile accident. ECF 1. Now pending is Defendant's Motion to Vacate Entry of Default, ECF 15, and Plaintiff's Motion to Strike Defendant's Answer, ECF 19. Although the parties submitted no additional briefing on the motions, no hearing is deemed necessary. *See* Loc. R. 105.6 (D. Md. 2021). For the reasons that follow, Defendant's Motion to Vacate Entry of Default will be granted and Plaintiff's Motion to Strike Defendant's Answer will be denied.

### I.    FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff filed her Complaint on June 13, 2021. ECF 1. The docket reflects that Defendant was served on July 21, 2021, with his answer due on August 11, 2021. On August 26, 2021, Defendant filed a Motion for Clerk's Entry of Default. ECF 4. The Clerk granted the motion and entered default on September 13, 2021. ECF 5. Later that same day, however, Defendant filed an Answer, ECF 7, before even receiving written notice of the Default., ECF 6. Eight days later, he filed the instant Motion to Vacate Default. ECF 15. Plaintiff responded with a motion to strike the Answer, which she alleges is improperly filed. ECF 19.

## II. LEGAL STANDARD FOR SETTING ASIDE THE CLERK'S ENTRY OF DEFAULT

After the Clerk enters default, the Court "may set aside an entry of default for good cause." Fed. R. C. P. 55(c). The Fourth Circuit has stated that, when compared to the standard under Rule 60(b), the "good cause" standard in Rule 55(c) "is more forgiving of defaulting parties because it does not implicate any interest in finality." *Colleton Preparatory Acad., Inc. v. Hoover Universal, Inc.*, 616 F.3d 413, 420 (4th Cir. 2010); *see also Consol. Masonry & Fireproofing, Inc. v. Wagman Constr. Corp.*, 383 F.2d 249, 251 (4th Cir. 1967) ("Generally a default should be set aside where the moving party acts with reasonable promptness and alleges a meritorious defense."). Indeed, the Fourth Circuit has "repeatedly expressed a strong preference that, as a general matter, defaults be avoided and that claims and defenses be disposed of on their merits." *Colleton*, 616 F.3d at 417. Thus, motions to set aside default "must be 'liberally construed in order to provide relief from the onerous consequences of defaults and default judgments.'" *Lolatchy v. Arthur Murray, Inc.*, 816 F.2d 951, 954 (4th Cir. 1987) (quoting *Tolson v. Hodge*, 411 F.2d 123, 130 (4th Cir. 1969)). Because the Clerk has made an entry of default against Defendant, but a default judgment has not been issued, Defendant's motion to vacate is correctly considered pursuant to the more lenient standard of Rule 55(c), rather than Rule 60(b).

Six factors are relevant to the analysis of this motion. "When deciding whether to set aside an entry of default, a district court should consider whether the moving party has a meritorious defense, whether it acts with reasonable promptness, the personal responsibility of the defaulting party, the prejudice to the party, whether there is a history of dilatory action, and the availability of sanctions less drastic." *Payne ex rel. Estate of Calzada v. Brake*, 439 F.3d 198, 204-05 (4th Cir. 2006). The decision to set aside a default "lies largely within the discretion of the trial judge." *Id.* at 204.

**III.    ANALYSIS**

Having established the relevant factors for determining whether to set aside an entry of default, the Court will address each factor in turn.

**A.    Presence of a Meritorious Defense**

Defendant argues that he possesses a meritorious defense to at least one of Plaintiff's claims, that of battery. ECF 15 ¶ 7. "A meritorious defense requires a proffer of evidence which would permit a finding for the defaulting party or which would establish a valid counterclaim." *Augusta Fiberglass Coatings, Inc. v. Fodor Contracting Corp.*, 843 F.2d 808, 812 (4th Cir. 1988). Defendant did not actually proffer any evidence. While Defendant has offered to present the evidence at a hearing, it is unnecessary as a result of this Court's evaluation of the other factors below. This Court will assume, for the sake of argument, that this factor weighs in favor of Plaintiff.

**B.    Acting with Reasonable Promptness**

Courts must consider the specific "facts and circumstances of each occasion" when determining whether a defendant acted in a reasonably prompt manner when moving to set aside a default. *Prescott v. MorGreen Solar Solutions, LLC*, 352 F. Supp. 3d 529, 537 (E.D.N.C. 2018) (quoting *U.S. v. Moradi*, 673 F.2d 725, 727 (4th Cir. 1982)). Here, Defendant filed his Motion to Vacate just eight days after the entry of default, well within the thirty-day deadline set by the Court. For comparison, the Court has held that a defendant acted reasonably promptly when filing a Motion to Vacate a Default 33 days after the entry of default. *Wainwright's Vacations, LLC v. Pan Am. Airways Corp.*, 130 F. Supp. 2d 712, 718 (D. Md. 2001). This factor therefore weighs in favor of Defendant.

### C.     Personal Responsibility for the Default

Based on the proffer by Defendant, the default resulted from the liability insurance carrier's failing to assign counsel until September 8, 2021, and the fact that the assigned attorney was in trial on September 9, 2021.  He filed the answer on the following Monday.  There is simply no evidence that the brief delay was motivated by any intent on Defendant's part to disregard or derail the legal process.  *Compare with Russell v. Krowne*, 2013 WL 66620, at *3-4 (D. Md. Jan. 3, 2013); *First Am. Fin. Corp. v. Homefree USA, Inc.*, 2013 WL 2902856, at *4 (D. Md. June 12, 2013).  Ultimately, then, this factor also leans in favor of the Defendant.

### D.     Prejudice

Plaintiff argues that setting aside the default would cause her to suffer prejudice, because she "endured catastrophic injuries" in the accident and because "Defendant's blatant disregard of the rules of this Court has only served to prolong her suffering and delay her justice."  ECF 19 at 7.  However, Plaintiff's injuries were incurred before this lawsuit was ever filed, and the "prejudice" factor is not satisfied where a plaintiff faces "no disadvantage . . . beyond that suffered by any party which loses a quick victory."  *Augusta*, 843 F. 2d at 812.  "[A]s obvious as it may be, it bears mention that no cognizable prejudice inheres in requiring a plaintiff to prove a defendant's liability, a burden every plaintiff assumes in every civil action filed in every federal court."  *Colleton*, 616 F.3d at 419.  Defendant's Answer was filed approximately one month after it was originally due, which is not a particularly meaningful delay in the context of slow-moving federal litigation.  Thus, Plaintiff fails to establish that she would be prejudiced by setting aside the default, and this factor weighs in favor of Defendant.

### E. History of Dilatory Action

Plaintiff contends that a pattern of dilatory action is shown by (1) Defendant's filing of his Answer while in Default and then (2) waiting eight days to seek to vacate the default. Given that Defendant's answer was filed less than one hour after the Clerk entered default, it does not demonstrate dilatory action. Moreover, the eight days to seek to vacate the default, as noted above, are well within the thirty-days allowed by the notice. Thus, this factor also weighs in favor of Defendant.

### F. Availability of Less Drastic Sanctions

There are less drastic sanctions available in this case, namely requiring Defendant to pay Plaintiff's costs, expenses, and attorney's fees related to Plaintiff's need to seek default. "[W]hen a default judgment is vacated the trial court may nonetheless impose other sanctions against the offending attorney, such as awarding the non-movant's costs and attorney's fees." *Augusta*, 843 F.2d at 811. The availability of lesser sanctions indicates that this factor weighs in favor of setting aside the default, and thus mitigates in favor of Defendant. To that end, Plaintiff will be permitted to file a motion, within two weeks of the date of this opinion, seeking reasonable costs and attorney's fees relating only to its filing of the three-page request for clerk's entry of default, docketed as ECF 4. Defendant will then be allowed two weeks to respond as to the reasonableness of the sanctions sought.

## IV. CONCLUSION

Upon review of the six *Payne* factors, the Court finds that, at best, one factor (that of meritorious defense) arguably weighs in favor of Plaintiff due to Defendant's inadequate proffer. In light of the five factors favoring Defendant, the "time-worn commitment to the resolution of disputes on their merits," *Colleton*, 616 F.3d at 420, and the long-held view that a motion to set

aside default "must be 'liberally construed in order to provide relief from the onerous consequences of defaults and default judgments,'" *id.* at 421 (quoting *Tolson*, 411 F.2d at 130), this case is best resolved on its merits.

Accordingly, Defendant's Motion to Set Aside Default, ECF 15, will be **GRANTED**. Although Defendant's Answer was technically filed improperly while Defendant was in default, in the interest of judicial economy, this Court will not require that the Answer be stricken and refiled. A schedule has already been set based on the date of the Answer, and the parties appear to be proceeding with discovery. Thus, Plaintiff's Motion to Strike the Answer, ECF 19, will be **DENIED**. A separate Order follows.

Dated:  October 25, 2021                                        /s/
                                                        Stephanie A. Gallagher
                                                        United States District Judge