**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND**
(Northern Division)

|  |  |
|---|---|
| CYNTHIA ANN PROPPS ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. SAG-21-1744 |
| ) | |
| BILLY EUGENE KIRKPATRICK ) | |
| ) | |
| Defendant. ) | |

**PLAINTIFF'S MOTION TO EXCLUDE DEFENDANT'S EXPERT,
<u>LOUIS HALIKMAN, M.D.</u>**

Plaintiff Cynthia Ann Propps ("Plaintiff"), by and through counsel, hereby moves to exclude Defendant's proposed expert, Louis Halikman, M.D., as (1) Defendant failed to properly designate Dr. Halikman; (2) Defendant failed to timely produce Dr. Halikman's report; and (3) Dr. Halikman's report is inadmissible under F.R.E. 402, 403, 702, and *Daubert v. Merrell Dow Pharmaceuticals*, 509 U.S. 579 (1993). As further grounds supporting this Motion, Plaintiff states:

1. On September 16, 2021, this Court issued a scheduling order (ECF#14), which required Plaintiff's Rule 26(a)(2) disclosures by November 15, 2021, and Defendant's Rule 26(a)(2) disclosures by December 15, 2021.

2. Plaintiff timely produced her designation as well as the expert report of Dr. Richard Meyer on November 15, 2021.

3. Defendant never requested - from the Court or from Plaintiff - an extension for time nor indicated that he would be unable to meet any deadline in this case.

4. On December 15, 2021, Defendant produced nothing more than a glorified placeholder, a threadbare document purporting to be their "expert designation," attached as

Plaintiff's Exhibit #1. The document designated Louis Halikman, M.D., as Defendant's expert, but did not specify what kind of expert Dr. Halikman was, what he would be testifying to, nor did it include any other relevant information regarding Dr. Halikman apart from his name and address. The document referenced "Maryland Rules" despite this being a Federal case and stated that it was reserving the right to amend the designation until after the receipt of Plaintiff's discovery responses and the completion of Plaintiff's deposition, <u>despite both of those events occurring weeks before December 15, 2021. Defendant failed to produce the mandatory report alongside the designation.</u>

5. When contacted by Plaintiff regarding the insufficiency of the disclosure, defense counsel replied that <u>he did not have a report to produce</u>. *See* Pl.'s Ex. 2: December 15, 2021, E-Mail.

6. Finally, on December 27, 2021, nearly two weeks after the deadline, Defendant produced a report from Dr. Halikman. Pl.'s Ex. 3: Halikman Report. Dr. Halikman admits on the second page of his report that he did not review all of Plaintiff's medical records.[1] Pl.'s Ex. 3, p. 2. Additionally, the report contains numerous generalizations and unsupported opinions, repeatedly offering statements such as "Most patients who sustain rib fractures will have an uneventful treatment course" to support Dr. Halikman's opinion that Plaintiff's injuries are functional rather than organic, i.e. that she is exaggerating. Such generalization, speculation, and conjecture from an expert as found in Dr. Halikman's report is improper under *Daubert v. Merrell Dow Pharmaceuticals*, 509 U.S. 579 (1993), F.R.E. 702, and F.R.E. 403. Therefore, these opinions should, along with defense counsel's flagrant disregard for the rules of this Court, lead to Dr. Halikman's exclusion from this case.

---

[1] Plaintiff timely produced all responsive medical records referenced by Dr. Halikman to defense counsel on November 24, 2021.

7. Because Defendant produced a report after the deadline, he was required to seek Court approval for same and to demonstrate excusable neglect, neither of which he has done. Defendant bears the burden of demonstrating (1) excusable neglect for his improper and untimely expert designation; and (2) that Dr. Halikman's opinions are admissible. Defendant cannot meet either burden.

8. Plaintiff has filed a Memorandum in Support of this Motion contemporaneously with this Motion; Plaintiff hereby incorporates that Memorandum by reference.

Wherefore, Plaintiff respectfully requests the Court GRANT this Motion and exclude Dr. Halikman from testifying at the trial in this matter.

Respectfully submitted,

By: /s/ Peter C. Grenier
Peter C. Grenier (#08318)
David W. Blum (#21918)
Grenier Law Group PLLC
1920 L Street, NW, Suite 750
Washington, DC 20036
Phone: 202-768-9600
Fax: 202-768-9604
*Counsel for Plaintiff*

January 31, 2022

## **CERTIFICATE OF SERVICE**

      I hereby certify that the foregoing Motion and attached Memorandum were served electronically on this January 31, 2022, via PACER and in compliance with Fed. R. Civ. P. 5(a) upon the following:

Kyle Blakely, Esq.
H. Barritt Peterson, Jr. & Associates
210 W. Pennsylvania Ave, Suite 300
Towson, MD 21204-5025
*Counsel for Defendant*

                                /s/ David Blum
                                David W. Blum

**Local Rule 104.7 Certification**

On January 11, 2022, Plaintiff's counsel Peter C. Grenier sent an email to Defendant's counsel Kyle Blakely, Esq., informing him that Plaintiff would be moving to strike his belated Fed. R. Civ. P. 26(a)(2) disclosure and requested a telephonic conference. On January 14, 2022, at 2:30 PM, Plaintiff's counsel David W. Blum spoke to Mr. Blakely concerning the deficiencies in his expert disclosure, including the insufficient filing, the late production of the expert report, and the nature of Dr. Halikman's opinions. Mr. Blakely informed Mr. Blum that he "did not think the Court would sanction him for filing a late report" but that Plaintiff was "welcome to try" to file.

                                  Respectfully submitted,

January 31, 2022                    By:    /s/ David W. Blum
                                                  Peter C. Grenier (#08318)
                                                  David W. Blum (#21918)
                                                  Grenier Law Group PLLC
                                                  1920 L Street, NW, Suite 750
                                                  Washington, DC 20036
                                                  Phone: 202-768-9600
                                                  Fax: 202-768-9604
                                                  *Counsel for Plaintiff*