## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **CYNTHIA ANN PROPPS,** | * | |
| | * | |
| **Plaintiff,** | * | |
| | * | |
| **v.** | * | **Civil Case No. SAG-21-1744** |
| | * | |
| **BILLY EUGENE KIRKPATRICK,** | * | |
| | * | |
| **Defendant.** | * | |
| | * | |

\*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*

### MEMORANDUM OPINION

Plaintiff Cynthia Ann Propps ("Plaintiff") filed this lawsuit against Defendant Billy Eugene Kirkpatrick ("Defendant") for claims arising out of an automobile accident. Three motions are currently pending and ripe for disposition: Plaintiff's Motion to Exclude Defendant's Expert, ECF 27, Defendant's Motion for Disclosure Deadline Extension, ECF 31, and Defendant's Motion for Partial Summary Judgment, ECF 35. This Court has reviewed the motions, the related briefing, and the exhibits attached thereto. ECF 30, 34, 35, 37, 39, 40. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2021). For the reasons that follow, Defendant's two motions will be granted. Plaintiff's Motion to Exclude Defendant's Expert will be held in abeyance although it will eventually be denied as to its procedural arguments only. This Court will convene an evidentiary hearing to consider the *Daubert* issues raised in that motion.

### I.    FACTUAL BACKGROUND

The basic facts underlying this automobile accident are not in dispute. On October 19, 2018, at approximately 7:30 PM, Defendant's SUV was driving behind Plaintiff's SUV on Route 67 in Knoxville, Maryland. ECF 1 ¶¶ 7-8. While the vehicles were approaching an intersection, Defendant unlawfully and intentionally crossed the double yellow "no passing" lines in the center

of the road to attempt to pass Plaintiff's vehicle on the left.  *Id.* ¶ 12.  At the same time, Plaintiff turned left and the two vehicles collided.  *Id.* ¶ 13; *see also* ECF 35-1 ¶ 5.  Plaintiff's SUV spun around several times and Defendant's SUV flipped over a guardrail and came to rest in a ditch. *Id.* ¶¶ 14-15.  Plaintiff alleges that she suffered serious and potentially permanent injuries.  *Id.* ¶ 22.

## II.    EXPERT WITNESS MOTIONS

Pursuant to this Court's Scheduling Order of September 16, 2021, Defendant's expert disclosures were due on or before December 15, 2021.  ECF 14.  Defendant did not request an independent medical examination of Plaintiff.  ECF 27-1 at 2.  On December 15, 2021, defense counsel sent Plaintiff's Counsel a "Preliminary Expert Witness Designation," curriculum vitae ("CV"), and fee schedule for a non-examining expert witness, orthopedic surgeon Dr. Louis Halikman.  *Id.* at 2-3 (citing ECF 27-3).  The submission did not comport with Federal Rule of Civil Procedure 26(a)(2), which requires a report containing, among other things, "a complete statement of all opinions the witness will express and the basis and reasons for them."  Plaintiff's counsel immediately notified defense counsel that the designation was inadequate.  ECF 27-5. Defense counsel responded that he did not yet have the report and should have it "any day now." *Id.*

Dr. Halikman's office forwarded the report, dated December 14, 2021, to defense counsel on December 23, 2021.  ECF 31-4.  On Monday, December 27, 2021, Defendant produced the report from Dr. Halikman to Plaintiff.  ECF 27-4.  Plaintiff submits that Dr. Halikman's report: (1) should be excluded because it was not timely submitted, and (2) remains otherwise deficient and inadmissible under Federal Rule of Civil Procedure 702 and *Daubert v. Merrell Dow*

*Pharmaceuticals, Inc.*, 509 U.S. 579 (1993) and its progeny.  ECF 27.  Defendant has countered with a motion to extend its Rule 26(a)(2) disclosure deadline *nunc pro tunc*.  ECF 31.

Initially, it is clear that Defendant failed to make timely and appropriate Rule 26(a)(2) disclosures.  His only timely disclosure stated that "the reports from all experts expected to testify will be provided when available," which plainly does not comport with the rules requiring a complete statement of the experts' opinions.  ECF 27-3 ¶ 5.  However, Defendant provided a complete written report intended to comply with the rule just twelve days after the deadline, on December 27, 2021.

Thus, the question before the Court is whether the deadline should be extended *nunc pro tunc* to permit that belated disclosure.  In general, motions to extend time which are filed after court deadlines have run are governed by Federal Rule of Civil Procedure 6(b)(1)(B).  That Rule provides: "When an act may or must be done within a specified time, the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect."  Fed. R. Civ. P. 6(b)(1)(B).  Excusable neglect is a high bar.  *See Agnew v. United Leasing Corp.*, 680 F. App'x 149, 155 (4th Cir. 2017) ("'Excusable neglect' is not easily demonstrated, nor was it intended to be.").  "Run-of-the-mill inattentiveness by counsel" does not constitute excusable neglect.  *See id.*; *see also Symbionics Inc. v. Ortlieb*, 432 Fed. App'x. 216, 220 (4th Cir. 2011).  Instead, "the determination is . . . an equitable one, taking account of all relevant circumstances surrounding the party's omission,' including 'the danger of prejudice to the [nonmoving party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.'"  *Hatami v. Hatami*, Civ. No. WDQ-14-4004, 2015 WL

4509815 (D. Md. July 24, 2015) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Lts. P'ship*, 507 U.S. 380, 395 (1993)).

In addition to the general rules governing all missed deadlines, however, the Federal Rules of Civil Procedure specifically address the situation presented here—a failure to provide timely an expert witness report. Rule 37(c)(1) provides:

> If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.

The Fourth Circuit has held that a district court should be guided by five factors in considering whether a failure to produce expert witness information is substantially justified or harmless: "(1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence; and (5) the nondisclosing party's explanation for its failure to disclose the evidence." *Southern States Rack and Fixture, Inc. v. Sherwin-Williams Co.*, 318 F.3d 592, 597 (4th Cir. 2003).

The facts in this case survive scrutiny under the standards enumerated in both Rule 6(b)(1)(B) and Rule 37(c)(1). The record reflects that, while Dr. Halikman's report is dated December 14, 2021, his office emailed it to defense counsel on Thursday, December 23, 2021, eight days after the deadline and the day before Christmas Eve. ECF 31-4. Defendant's counsel forwarded the report on the Monday after the Christmas holiday, December 27, 2021, making the report twelve days late. Ultimately, this Court finds that in light of the lack of prejudice to Plaintiff, the relatively brief delay that did not impact the court proceedings, the delayed transmission by the doctor's office, and Defendant's exercise of good faith in timely notifying Plaintiff of the

identity and credentials of the anticipated expert, Plaintiff's failure to timely submit the report amounts to excusable neglect.

Alternatively, if *Southern States*'s five factors were to apply to this case, Defendant's failure would readily be deemed harmless. There was no surprise to Plaintiff from the belated report, because Plaintiff knew a report would be forthcoming from Dr. Halikman "any day now." ECF 27-5. Thus, there was no need to cure any surprise. Moreover, there is no plausible disruption to the trial because no trial date has yet been scheduled. Dr. Halikman's testimony appears critical to Defendant's defense in this case. And, as noted above, Defendant has provided a pardonable explanation for its failure to disclose the evidence on the deadline.

It is immaterial, then, whether the excusable neglect or *Southern States* standard is applied to this case. Under either standard, this Court would not exclude Dr. Halikman's testimony on procedural grounds. Plaintiff is entirely correct that "a court's scheduling order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril." ECF 27-1 at 6 (quoting *Jones v. Koons Auto., Inc.*, No. CIV.A. DKC 09-3362, 2013 WL 3713845, at *8 (D. Md. July 15, 2013))(internal citations omitted). This Court does not condone Defendant's missed deadline, and notes that any further such lapses in this case are likely to meet with less favorable results. Here, however, the slightly missed deadline over the holiday season simply had no meaningful impact on the litigation as a whole. Defendant's *nunc pro tunc* motion to extend the deadline for his expert disclosure by twelve days will therefore be granted.

However, Plaintiff also raises substantive objections to Dr. Halikman's expert report, citing *Daubert* and its progeny. The Federal Rules of Evidence "permit[] an expert to testify where the expert's 'scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue,' so long as the expert's opinion is 'based

on sufficient facts or data,' 'is the product of reliable principles and methods,' and the expert 'has reliably applied the principles and methods to the facts of the case.'" *In re Lipitor (Atorvastatin Calcium) Mktg.*, 892 F.3d 624, 631 (4th Cir. 2018) (citing Fed. R. Evid. 702). "In assessing the admissibility of expert testimony, a district court assumes a 'gatekeeping role' to ensure that the 'testimony both rests on a reliable foundation and is relevant to the task at hand.'" *Id.* (quoting *Daubert*, 509 U.S. at 597 (1993)). "The proponent of the testimony must establish its admissibility by a preponderance of proof." *Cooper v. Smith & Nephew, Inc.*, 259 F.3d 194, 199 (4th Cir. 2001).

This Court believes a hearing is appropriate to explore the bases underpinning Dr. Halikman's opinion. In his report, Dr. Halikman concedes that he did not review the complete medical file produced by Plaintiff. ECF 36-4 at 3. His report fails to detail, however, those records or sources that he did review, and which formed the basis of his opinions. *See id.* In circumstances such as these, this Court finds that further information is required to ensure that Dr. Halikman's testimony rests on a reliable foundation. *See In re Lipitor*, 892 F.3d at 631. Accordingly, this Court will reserve ruling on the substantive portions of Plaintiff's Motion to Exclude Defendant's Expert, and will schedule an evidentiary hearing to consider Dr. Halikman's testimony.

## III.   SUMMARY JUDGMENT MOTION

### A.  LEGAL STANDARD

Under Rule 56(a) of the Federal Rules of Civil Procedure, summary judgment is appropriate only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The moving party bears the burden of showing that there is no genuine dispute of material fact. *See Casey v. Geek Squad Subsidiary Best Buy Stores, L.P.*, 823 F. Supp. 2d 334, 348 (D. Md. 2011) (citing *Pulliam Inv. Co. v. Cameo Props.*, 810 F.2d 1282, 1286 (4th Cir. 1987)). If the moving party establishes that there is no

evidence to support the non-moving party's case, the burden then shifts to the non-moving party to proffer specific facts to show a genuine issue exists for trial. *Id.* The non-moving party must provide enough admissible evidence to "carry the burden of proof in [its] claim at trial." *Id.* at 349 (quoting *Mitchell v. Data Gen. Corp.*, 12 F.3d 1310, 1315-16 (4th Cir. 1993)). The mere existence of a scintilla of evidence in support of the non-moving party's position will be insufficient; there must be evidence on which the jury could reasonably find in its favor. *Id.* at 348 (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251 (1986)). Moreover, a genuine issue of material fact cannot rest on "mere speculation, or building one inference upon another." *Id.* at 349 (quoting *Miskin v. Baxter Healthcare Corp.*, 107 F. Supp. 2d 669, 671 (D. Md. 1999)).

Additionally, summary judgment shall be warranted if the non-moving party fails to provide evidence that establishes an essential element of the case. *Id.* at 352. The non-moving party "must produce competent evidence on each element of [its] claim." *Id.* at 348-49 (quoting *Miskin*, 107 F. Supp. 2d at 671). If the non-moving party fails to do so, "there can be no genuine issue as to any material fact," because the failure to prove an essential element of the case "necessarily renders all other facts immaterial." *Id.* at 352 (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Coleman v. United States*, 369 F. App'x 459, 461 (4th Cir. 2010) (unpublished)). In ruling on a motion for summary judgment, a court must view all the facts, including reasonable inferences to be drawn from them, "in the light most favorable to the party opposing the motion." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587-88 (1986) (quoting *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962)).

## B.  ANALYSIS

Defendant seeks summary judgment as to Count II, which alleges battery, and as to Plaintiff's claims for punitive damages.  "A battery occurs when one intends a harmful or offensive contact with another without that person's consent."  *Nelson v. Carroll*, 355 Md. 593, 600 (1999).  "[A] purely accidental touching, or one caused by mere inadvertence, is not enough to establish the intent requirement for battery."  *Id.* at 602.  Instead, there must be "a general intent to unlawfully invade another's physical well-being through a harmful or offensive contact or an apprehension of such contact."  *Id.* at 602-03.

The Maryland Court of Appeals has, on one occasion, concluded that a plaintiff had adduced sufficient evidence in a case involving a motor vehicle collision to submit a battery claim to a jury.  *See Beall v. Holloway-Johnson*, 446 Md. 48, 67 (2016).  The unusual facts of *Beall*, however, demonstrate the requisite burden of providing specific evidence of an intent to invade the physical well-being of another motorist.  In that case, a police officer pursued a motorcyclist at speeds reaching 75 mph, in contravention of a General Order against high-speed pursuit.  *Id.* at 57.  Additionally, the officer's Shift Commander specifically directed him to stop pursuit, which he disregarded.  *Id.* at 58.  On an exit ramp, the motorcycle slowed down and the officer's cruiser struck the motorcycle, leading to the motorcyclist's death.  *Id.* at 58-59.  The Court of Special Appeals found that the plaintiff had adduced sufficient evidence of intentional conduct to submit the battery claim to the jury, based on the officer's intentional violation of the General Order and his shift commander's instruction.  *Id.* at 67 ("[H]is violation of the BCPD General Order and disregarding his Shift Commander's verbal directive were clearly intentional acts.").

This case, in contrast, is much more similar to the facts in *Hendrix v. Burns*, 205 Md. App. 1 (Md. Ct. Spec. App. 2012).  In that case, a driver ran a red light at a high rate of speed, striking

the driver's side of the plaintiff's vehicle, which was entering the intersection on a green light. *Id.* at 9. The culpable driver was convicted of reckless driving and driving under the influence of alcohol. *Id.* Evidence presented at the summary judgment stage suggested that the culpable driver "may have had an ongoing dispute (road ra[]ge) with a Camry automobile" also traveling along the road at the same time as the defendant. *Id.* at 17. The Court ruled:

> To be sure, a battery can be committed by the use of an automobile, just as it can be committed by the use of a gun or other instrumentality. A person can use an automobile or other vehicle to intentionally hit another person. Here, however, there was no evidence in the summary judgment record to show that Mr. Burns drove through the intersection with the intention of hitting Mrs. Hendrix's vehicle (and hence Mrs. Hendrix) with his Jeep. His conduct in running the red light at a high rate of speed certainly could be characterized as reckless. . . . As there was no evidence in the summary judgment record that Mr. Burns intended to strike Mrs. Hendrix's vehicle with his own vehicle, the evidence was legally insufficient to generate a jury question on the battery claim.

*Id.* at 22-23.

While a party's intent is often deemed inappropriate for resolution on summary judgment, to survive a summary judgment motion, a plaintiff must adduce at least be some facts to support a finding of intent to commit acts amounting to battery. *See id.*; *see also Smith v. Kennedy Krieger Institute, Inc.*, No. 2241, 2017 WL 1076481 at *31 (Md. Ct. Spec. App. Mar. 22, 2017) ("Therefore, we hold, under the circumstances of this case, that the circuit court properly granted [defendant's] motion for summary judgment on the battery claim because [plaintiff] did not generate a question of material fact concerning [defendant's] intent to produce a harmful or offensive contact."). Merely alleging a claim with intent as an element does not insulate the claim from disposition on summary judgment. Plaintiff's attempt to rely on Defendant's post-accident conduct (such as allegedly untruthful statements made during his deposition testimony or interrogatory responses) to provide evidence of intent is unpersuasive. Such conduct months after the accident is not probative of intent to make contact with Plaintiff's vehicle at the time of the

collision.  Further, Plaintiff's conclusory assertion that Defendant "must have been impatient and angry" at Plaintiff for going too slowly is premised on nothing more than Defendant's decision to pass Plaintiff's vehicle, which is a routine driving occurrence that reflects nothing about either driver's emotional state.  *See* ECF 37-1 at 9.  There are simply no facts suggesting that Defendant intentionally struck Plaintiff's vehicle or had any conceivable motive to strike the vehicle of a complete stranger with whom he had no prior interaction.

Similarly, Plaintiff offers no evidence whatsoever of actual malice, which is characterized by "evil motive, intent to injure, ill will, or fraud."  *Owens-Illinois, Inc. v. Zenobia*, 325 Md. 420, 460 (1992).  Plaintiff concedes that "Maryland appellate case law lacks examples of actual malice in a motor vehicle collision," noting that even in *Beall,* where the Court found evidence sufficient to submit the claim of intentional battery to the jury, it determined that evidence of actual malice was lacking.  ECF 37 at 10-11; *Beall*, 446 Md. at 74 (noting that the evidence of the violation of the General Order and disregard of the Shift Commander "showed, however, only that Officer Beall's actions were intentional, not that the actions were malicious.").  Plaintiff cites the following as her "clear and convincing evidence of actual malice": Defendant's acceleration to an excessive speed and failure to brake when he struck Plaintiff's vehicle, and Defendant's intentional decision to cross the double yellow lines at an intersection to pass Plaintiff's vehicle.  ECF 37 at 11.  While those facts arguably establish negligent and even reckless driving behavior, they do not establish an "evil motive" or an "intent to injure."  And again, Defendant's conduct and testimony during this litigation does not support an inference that he acted with "evil motive" or "intent to injure" a complete stranger at the time of the collision.  *See Beall*, 446 Md. at 75 (noting that contradictory statements during the litigation may impact the officer's credibility but "would not allow, however, for a reasonable inference that these statements reflected Officer Beall's intent at the time of the

collision."). The reason for the dearth of Maryland case law finding actual malice in the context of a motor vehicle collision is the extraordinary set of facts that would be required to establish that one vehicle intentionally crashed into another vehicle with the evil intent to injure the occupant. This case certainly is not that exception, and Plaintiff has adduced no facts suggesting it may be. Punitive damages, then, cannot be awarded in this automobile tort case.

## IV.    CONCLUSION

For the reasons set forth above, Defendant's Motion for Disclosure Deadline Extension, ECF 31, is GRANTED.  Defendant's Motion for Partial Summary Judgment, ECF 35, is GRANTED, and judgment will be entered in favor of Defendant as to Count II (battery) and as to Plaintiff's accompanying claim for punitive damages.  While the procedural aspects of Plaintiff's Motion to Exclude Defendant's Expert, ECF 27, are unpersuasive for the reasons described above, this Court will reserve ruling and will convene an evidentiary *Daubert* hearing to address the arguments about the report's substance.  A separate implementing Order is filed herewith.


Dated:  April 1, 2022                                    _____
                                                                          /s/
                                                              Stephanie A. Gallagher
                                                              United States District Judge